FILED

12/20/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0688

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0688

SHANE CLARK JOHNSON,

Petitioner,

v.

TWELFTH JUDICIAL DISTRICT COURT,
HON. KAYDEE SNIPES RUIZ,
District Court Judge,

Respondent.

DEC 20 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Shane Clark Johnson petitions this Court for supervisory control, requesting an order forcing the Hill County District Court to rule on his lawsuit against the Clerk of District Court, Kathie Vigliotti. We amend the caption to indicate the District Court, pursuant to M. R. App. P. 14(6).

Johnson also requests ten million dollars in damages due to stress, pain, and suffering. His lawsuit stems from his request to receive credit for the $800 for costs of a public defender, as the District Court had ordered in his first underlying criminal case.[1] Johnson contends that the $800 public defender fee was removed in November 2015 and that the fee was added on his Resident Statement, as noted in his attached copy, in November 2018. He puts forth that his money should be returned to him because he is still incarcerated and his motions for relief have been ignored.

---

[1] This Court dismissed Johnson's first appeal voluntarily and without prejudice upon both parties' motion because the District Court had a pending motion for a new trial. *State v. Johnson*, No. DA 15-0424, Order (Mont. Feb. 29, 2016). For his second appeal, this Court ordered, upon the State's concession, his criminal judgment be vacated and the case remanded for a new trial. *State v. Johnson*, No. DA 17-0033, Order (Mont. Sept. 15, 2020). Presently, Johnson has an appeal of his criminal conviction and sentence after this Court granted his out-of-time appeal and appointed appellate counsel. *State v. Johnson*, No. DA 21-0517. Briefing has not begun.

Johnson's requests for relief are not remedied by a writ of supervisory control. "This extraordinary remedy can be invoked when the case involves purely legal questions and urgent or emergency factors make the normal appeal process inadequate." *State v. Spady*, 2015 MT 218, ¶ 11, 380 Mont. 179, 354 P.3d 590 (citing M. R. App. P. 14(3); *Redding v. McCarter*, 2012 MT 144, ¶ 17, 365 Mont. 316, 281 P.3d 189). Even giving Johnson a liberal interpretation of his requests, a writ of mandate would not return his money. *See* §§ 27-16-101 et al. The District Court is not proceeding under a mistake of law, and the Clerk of District Court is not under a legal duty to return any money.

Johnson is confused about his court-ordered fee. Section 46-8-113, MCA. Johnson received a conviction and sentence in September 2021 that he currently appeals. Upon review of that judgment on appeal, the District Court imposed an $800 fee for Johnson to pay his court-appointed counsel. Johnson's current incarceration may suspend payment, but his incarceration does not nullify his responsibility to pay. Section 46-8-113(6), MCA. The Clerk explained this when she responded in writing to Johnson's claims about a refund in 2018. The District Court imposed fees of $880, and Johnson had only paid $75.37. Johnson's arguments are in error, and his lawsuit against the Clerk of District Court is without merit. Any complaint that Johnson has about the fee for counsel should be raised in a direct appeal, if preserved for review by this Court. Johnson is not entitled to a ruling from the District Court or ten million dollars in damages. Therefore,

IT IS ORDERED Johnson's Petition for a Writ of Supervisory Control is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to: Hon. Kaydee Snipes Ruiz, District Court Judge; Kathie Vigliotti, Clerk of District Court, Hill County, under Cause No. DV-20-053; counsel of record; Appellate Defender Chad M. Wright; and Shane Clark Johnson personally.

DATED this 20 day of December, 2022.

_____
Chief Justice

2

_____

_____

_____

_____
                Justices